Singh v. Garland

BIA
Navarro, IJ
A208 614 139

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on th2 28th day of February, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

PARJEET SINGH,
> *Petitioner*,

> v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

20-1761
NAC

FOR PETITIONER: Deepti Vithal, Esq., Richmond Hill, NY.

FOR RESPONDENT: Brian Boynton, Acting Assistant Attorney General; Anna E. Juarez,

Senior Litigation Counsel; Lindsay Marshall, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Parjeet Singh, a native and citizen of India, seeks review of a May 21, 2020 decision of the BIA affirming an April 19, 2018 decision of an Immigration Judge ("IJ"), which denied Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Parjeet Singh*, No. A208 614 139 (B.I.A. May 21, 2020), *aff'g* No. A208 614 139 (Immig. Ct. N.Y.C. April 19, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an adverse credibility determination under a substantial evidence standard, *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that members of the Akali Dal Badal party (the "Badal Party") attacked and threatened to kill him if he did not leave the Shiromani Akali Dal Amritsar party (the "Mann Party").

The agency reasonably relied on inconsistencies between

3

Singh's statements at his credible fear interview and his hearing testimony.[1] *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh made inconsistent statements regarding Khalistan, which is a proposed Sikh state that the Mann Party supports. At the credible fear interview, Singh stated that he had never heard of Khalistan, but he testified at his hearing that he was persecuted by the Badal Party for advocating for Khalistan. The agency was not required to accept Singh's explanations—that he initially was afraid to mention Khalistan because the Badal Party considers people who mention Khalistan to be terrorists and people in India cannot talk about Khalistan openly—because Singh also testified that Khalistan posters were hung openly at Mann Party events. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Singh's argument that the IJ stated there were "several inconsistencies," but then only identified one, ignores the fact that his explanations during the hearing were inconsistent with other testimony.

---

[1] Singh does not challenge the reliability of the credible fear interview record, and, even if he had, the record was sufficiently reliable as it included a list of questions by the immigration officer relating to Singh's asylum claim and Singh's responses to those questions, and there is no indication that Singh had difficulty with the interpreter. *See Ming Zhang v. Holder*, 585 F.3d 715, 723–25 (2d Cir. 2009).

4

The agency also reasonably relied on Singh's inability to recall the name of any other Mann Party member.  The agency may consider "the inherent plausibility of the applicant's . . . account."  8 U.S.C. § 1158(b)(1)(B)(iii).  We defer to an implausibility finding so long as it "is tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007).  The IJ's conclusion that it was implausible that Singh could not recall the names of any Mann Party members is tethered to the record because Singh testified that he attended approximately 20 party meetings and volunteered at weddings, advocated against drug use, provided books to schoolchildren, provided medicine to farmers, and collected donations for the party.

Finally, Singh testified that his father was threatened by members of the Badal Party who were looking for Singh after he fled to New Delhi.  However, Singh's father's letter did not mention any such threats.  Although omissions "are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," *Hong Fei Gao*, 891 F.3d at 78 (internal quotation marks omitted), the IJ did not err in relying on this omission in light of the

5

"totality of the circumstance," *Xiu Xia Lin*, 534 F.3d at 167 (quoting § 1158(b)(1)(B)(iii)). Singh's father's failure to mention the alleged threats undercuts Singh's credibility because he has no corroboration of the threats. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

In sum, the inconsistent statement and explanation regarding Khalistan, the implausibility related to Singh's political activities, and the omission and lack of reliable corroboration of continuing threats constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court